UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LESLIE JAMES THOMAS, ET AL. | CIVIL ACTION NO. 05-0600 |
| versus | JUDGE HICKS |
| A-1 HOMES GROUP, L.P., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

A-1 Homes Group, L.P. removed this case based on an assertion of diversity jurisdiction. As the removing party, A-1 bears the burden of presenting facts that establish diversity. A-1's notice of removal alleges that it is a partnership and that none of its partners are citizens of Louisiana, but the notice does not identify any of the partners. If A-1 Homes wishes to ensure that the court continues to exercise jurisdiction over this case, it should file an amended notice of removal that identifies each member of the partnership, whether an individual or entity, and allege with specificity the citizenship of each partner. If partners are themselves entities or associations, the citizenship must be traced through however many layers of partners or members there may be, and failure to do so can result in remand for want of jurisdiction. See <u>Meyerson v. Harrah's East Chicago Casino</u>, 299 F.3d 616 (7th Cir. 2002).

Wells Fargo, another defendant in the case, is alleged to be a California corporation with its "domicile" in Sacramento, California. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of

business. 28 U.S.C. § 1332(c)(1). "In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business. Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001); Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988). The assertion of Wells Fargo's domicile may have been intended to address the corporation's principal place of business, but the pleading needs to be specific on that issue. If there are questions about how to determine the corporation's principal place of business, the rules are set forth in great detail in Teal Energy, USA, Inc., v. GT Inc., 369 F.3d 873 (5th Cir. 2004). A-1 Homes will be permitted until **October 7, 2005** to file an amended notice of removal that satisfies the issues addressed in this Order.

THUS DONE AND SIGNED in Shreveport, Louisiana on this 16 day of September, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE